IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PETER C. LEE,

    Plaintiff,

  v.

PORT OF OAKLAND and
CITY OF OAKLAND,

    Defendants.
_____/

No. C 09-06033 WHA

**ORDER DENYING JUDGMENT ON THE PLEADINGS, GRANTING REQUESTS FOR JUDICIAL NOTICE AND VACATING HEARING**

## INTRODUCTION

In this employment dispute, defendant Port of Oakland moves for judgment on the pleadings. Plaintiff alleges that defendant's failure to re-employ him was in violation of the Uniformed Services Employment and Re-employment Rights Act (USERRA), 38 U.S.C.A. 4312, et seq., and the California Military and Veterans Code (CMV), Section 395.1. Additionally, the Port requests judicial notice of a January 16 letter from Port authorities to Peter C. Lee (Dkt. No. 18 Exh. 1). Plaintiff requests judicial notice of the order granting the petition for writ of mandate in *Lagrone v. City of Oakland*, No. RG09477713, Superior Court of California, County of Alameda. For the following reasons the motion for judgment on the pleadings is **DENIED** and the requests by defendant and plaintiff for judicial notice is **GRANTED**.

## STATEMENT

Around October 2007, plaintiff was mobilized to active duty in Iraq (Compl. ¶ 8). At the time of his deployment, plaintiff was employed by the Port of Oakland as a Port Associate

1   Engineer (*id*. at ¶ 9). Plaintiff was discharged from active duty in November 2008 and he
2   notified the Port of his intent to return to employment (*id*. at ¶¶ 10, 11). In August 2008, in
3   accordance with a budget-required reduction in force, the Port had eliminated plaintiff's position
4   (Mitchell Decl. Exh. 1). In December 2009, plaintiff filed a complaint against the Port of
5   Oakland alleging that the Port breached its obligations under USERRA and the CMV.

**ANALYSIS**

**1.   JUDGMENT ON THE PLEADINGS.**

FRCP 12(c) allows for any party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. The principal difference between a FRCP 12(b)(6) motion and FRCP 12(c) motion is the time of filing. *Dworking v. Hustler Magazine, Inc.*, 867 F. 2d 1188, 1192 (9th Cir. 1989). The standard applied on a FRCP 12(c) motion is essentially the same as FRCP 12(b)(6) motions, meaning a judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F. 3d 922, 925 (9th Cir. 2009). A defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which if proved would support recovery. Similarly, if a defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings. *General Conference Corp. Of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F. 2d 228, 230 (9th Cir. 1989).

Under USERRA, even if the employee is otherwise eligible for re-employment benefits, the employer is not required to re-employ the employee if the employer establishes that its circumstances have so changed as to make re-employment impossible or unreasonable. 20 C.F.R. 1002.139(a). For example, the employer may be excused from re-employing the employee where there has been an intervening reduction in force that would have included that employee. The employer carries the burden to prove by a preponderance of evidence that this defense is applicable.

Additionally, if the position has been abolished or otherwise has ceased to exist during the employee's absence, the employee shall be reinstated in a position of like seniority, status

and pay if the position exists, or to a comparable vacant position for which the employee is qualified. Cal. Mil. & Vet. Code § 395.1(b).

The Port of Oakland has listed in its answer to the complaint and in its motion the statutory defenses that would bar granting a judgment on the pleadings. As stated above, a judgment on the pleadings may be barred where the defendant raises an affirmative defense, and in this case defendant raises the affirmative defense of eliminating plaintiff's position as a result of a reduction in force. The defendant now carries the burden of proving by a preponderance of the evidence that there was in fact a reduction of force and that there were no other positions of like seniority, status and pay, or other comparable positions that plaintiff was qualified for.

### 2. JUDICIAL NOTICE.

Federal Rule of Evidence Section 201 states that: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Plaintiff requests judicial notice of the *Lagrone v. City of Oakland* order (Dkt. No. 25 Exh. 1). The *Lagrone* order can be accurately and readily determined by the Alameda Superior Court's Domain Web, which is a source whose accuracy cannot be reasonably questioned.[*] The plaintiff's request for judicial notice is **GRANTED**.

The Port of Oakland requests judicial notice of the January 16 letter to plaintiff (Dkt. No. 18 Exh. 1). The letter is capable of accurate and ready determination upon review of the Port's business records maintained in the ordinary course of business (Mitchell Decl. ¶ 1). The Port's request for judicial notice is **GRANTED**.

---

[*] http://apps.alameda.courts.ca.gov/domainweb/html/index.html.

**CONCLUSION**

The Port of Oakland's motion for judgment on the pleadings is **DENIED**. The requests by defendant and plaintiff for judicial notice is **GRANTED**. The hearing previously set for September 30, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 20, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4